**BRUNST et, Plaintiff-Appellant, v. GARNER,
Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22526.   Decided October 20, 1952.

450

Jos. L. Newman, Cleveland, for plaintiff-appellant.
K. J. Ertle, Cleveland, for defendant-appellee.

**OPINION**

By SKEEL, PJ.

This appeal comes to this Court on questions of law from a judgment for the defendant on the plaintiff's petition and also for said defendant on his cross-petition. The plaintiff's action was for an alleged balance due upon a contract to manufacture and deliver dies to be used in the production of a battery terminal designed by the defendant. The agreement for the purchase of said dies was entered into early in January, 1946. The plaintiff agreed to make the dies for $900.00. In May, 1946, the plaintiff notified the defendant that the dies could not be made for the agreed amount but that it would cost $1100.00. The defendant agreed to modify the agreement so that the purchase price of the dies would be $1100.00. Thereafter, defendant, between May and August, paid the plaintiff Seven Hundred Dollars ($700.00) in two installments, the first being $300.00, and the second in the amount of $400.00.

Some time before December 21st, the plaintiff claims to have notified the defendant that the dies had been completed, but the defendant, after examining them, testified that they were not as agreed. Nevertheless, on December 21, 1946, he tendered the balance due of $400.00 and demanded delivery of the dies. This demand was refused by the plaintiff because he claimed that after making the agreement to produce the dies for $1100.00, in May, 1946, certain experimental work was necessary which was done with the consent of defendant and was of the value of $500.00. He therefore refused to deliver the dies until $900.00 had been paid. The defendant refused the additional amount demanded and the plaintiff still has possession of the dies. The defendant thereafter procurred dies from another manufacturer. The plaintiff's action is for $900.00, the balance claimed by him to be due. The defendant's counter-claim was for the return of the $700.00 paid because of the refusal to deliver the dies upon tender of the balance due, under the May agreement, of $400.00. Judgment was entered by the court, without the intervention of a jury, against the plaintiff and for the defendant for $700.00 plus interest.

The plaintiff's claims of error are not clearly set forth but would appear to be:

1. That the judgment is contrary to law.

2. That the judgment is against the manifest weight of the evidence.

The transaction here presented upon the facts that are undisputed, constituted a contract on the part of the plaintiff, to sell certain dies of a special design to the defendant for an agreed price. The liability of the defendant to pay the price agreed upon was dependent upon the plaintiff's manufacture and delivery of the dies.

The first question presented to the trial court was to determine what the terms of the contract were. Here, there was a conflict in the evidence on one point only and that was whether the defendant agreed to be responsible for certain experimental work after the modified agreement between the parties of May 4, 1946. Both parties agree that on that date there was a firm agreement that the plaintiff would produce the dies needed by the defendant and the defendant would pay $1100.00 therefor.

It is the claim of the plaintiff that thereafter certain experimental work was necessary which the defendant agreed or consented to pay for. This the defendant denies. This disputed question of fact the court resolved in favor of the defendant. Such determination is supported by credible evidence and we are therefore bound by that determination.

Upon the facts thus determined, the amount due the plaintiff on December 21, 1946 was $400.00. This amount was tendered by the defendant and delivery of the dies demanded, which tender and demand the plaintiff refused for the reason that he claimed to be entitled to $500.00 more than the contract provided. The tender discharged the plaintiff's lien because he was thereafter not an unpaid seller as defined by §8432 GC (Sales Code).

The defendant was then entitled to delivery of the dies and the plaintiff, in refusing delivery, committed a breach of his contract. The defendant, because of such breach, had the legal right to demand the return of the money paid. Sec. 8446 and §8447 GC. In Williston on Sales, Revised Edition, Vol. 3, Sec. 600 page 321, the author says:

"Where a buyer is allowed rescission as a remedy for breach of warranty in an executed sale, as he is under the Sales Act, the right of rescission and recovery of the price is one of great importance and wide scope. It will be further considered subsequently. But even in England and other jurisdictions where rescission of an executed sale is not allowed, the buyer may recover the price or any portion of it which has been paid if there is a total failure of consideration.

"There is such a total failure if the seller fails to transfer to the buyer the property in any part of the goods. It is immaterial whether this failure is due to the seller's fault or because, owing to the destruction of the goods or other cause rendering performance impossible without the seller's fault, the buyer will not get the goods for which he has bargained. The principle is undisputed where the buyer has received nothing under the contract; and even where the buyer has recived part performance, yet if by adjustment of damages or return of what has been received, justice can be attained by rescission, it is allowed. The defendant's breach, however, must be total, that is, sufficient to justify the plaintiff's refusal to proceed with the contract."

It must be kept clearly in mind that a seller cannot create any greater obligation upon the buyer than was agreed upon in the contract to sell, unless such agreement is subsequently modified by the parties under such circumstances as to create a new contract based upon a meeting of the minds of the parties and consideration. Even if the relationship was that of bailor and bailee as seems to be contended by the plaintiff, the result would be the same. In Dobie on Bailments and Carriers, under the Chapter on Compensation of the Bailee, parag. 62, beginning at page 137, the author says:

"When the departure from the contract consists of the bailee's doing more than was called for by the agreement, instead of less, he cannot recover any extra compensation, in the absence of the bailor's acquiescence or consent. Thus, where without such consent, the bailee does finer work or uses more valuable materials than the agreement calls for, he cannot recover more than the stipulated compensation. His attempt to impose added financial burdens on an unwilling bailor will not be countenanced by the law."

The transaction here involved is a contract to sell and not a bailment nor one for work and labor. The plaintiff agreed to manufacture dies of a certain design. He first agreed to do so for $900.00. After about three months of work on the project, he concluded that the dies could not be produced for $900.00, and demanded a revision of the contract whereby he would be paid $1100.00 for their manufacture. This modification was agreed to by defendant, and while it is difficult to find consideration for such modification the defendant has not raised that question and is here presenting his case on the terms of the contract as modified.

The facts being found as above set forth, the judgment for the return of the money paid is in full accord with the provisions of the Sales Code where the seller refuses delivery of the goods upon proper tender of the balance due of the pur-

chase price or where the seller's demands are such that it is made to appear that a proper tender will be refused. The need for tender before exercising the right to rescind the contract for breach of a contract to sell, is waived where the demand for payment is in excess of the amount due. There was no objection to the manner in which the balance was tendered by the defendant. The refusal to accept such tender was because the plaintiff claimed a greater amount than was tendered and there is not the slightest suggestion that the tender would have been accepted if it had been in lawful money instead of $300.00 being represented by a certified check.

For the foregoing reasons the judgment is affirmed. Exceptions noted. Order see journal.

HURD, J, THOMPSON, J, concur.